IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LISANDRA MENDEZ-MONELL, | : |
| *Plaintiff*, | : Case No. 1:24-cv-559 |
| v. | : Judge Jeffery P. Hopkins |
| MARTIN BROWER COMPANY LLC, *et al.*, | : |
| *Defendants*. | : |

# ORDER

Before the Court is a Motion to Compel Arbitration and Stay Proceedings in this case. Doc. 9. Plaintiff Lisandra Mendez-Monell ("Plaintiff") alleges that she was employed as an operations assistant in transportation by her former employer, Defendant Martin Brower Company LLC from July 22, 2022, until the date she was wrongfully terminated for discriminatory reasons, on August 15, 2023. Doc. 1. Plaintiff brings this action against Defendant Martin Brower Company LLC, and her former supervisor, Defendant Tiffany Matthews (referred to collectively as "Defendants"), alleging claims of disparate treatment, harassment, retaliation, and employment discrimination under Title VII and Ohio law. At present, Defendants seek to have the Court order Plaintiff to arbitrate her claims under the parties' Arbitration Agreement over Plaintiff's opposition and insistence that she be allowed to litigate her claims in federal court. *See* Doc. 9-1. The question currently before the Court concerns whether Plaintiff can be compelled to arbitrate her claims in light of her refusal and demand to have the case tried in this Court, with a jury specification. Doc. 10.

## I. LAW AND ANALYSIS

The rule is well settled that "[b]efore compelling an unwilling party to arbitrate, [a] court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649 (6th Cir. 2008) (citation omitted). "[D]oubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983). If the agreement to arbitrate is not "in issue," then the court must compel arbitration. 9 U.S.C. § 4. To put the agreement to arbitrate "in issue," the nonmovant has the burden to "show a genuine [dispute] of material fact as to the validity of the agreement to arbitrate." *Danley v. Encore Cap. Grp., Inc.*, 680 F. App'x 394, 397 (6th Cir. 2017) (quoting *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)). In reviewing a motion to compel arbitration, courts should "treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the nonmoving party." *Great Am. Ins. Co. v. Gemma Power Sys.*, LLC, No. 1:18-cv-213, 2018 WL 6003968, at *2 (S.D. Ohio Nov. 15, 2018) (quoting *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003)).

Traditional contract principles are used to determine the validity of an arbitration agreement. *Doctor's Assocs. Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996). Ohio law, which applies here, provides that "[a] contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Rayess v. Educ.*

*Comm'n for Foreign Med. Graduates*, 2012-Ohio-5676, ¶ 19 (quoting *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16). Plaintiff does not seem to dispute the validity of the Arbitration Agreement. Instead, she argues that her claims exceed the agreement or that, at the very least, the Arbitration Agreement is patently ambiguous. Here, as a condition of her employment, Plaintiff entered an agreement with Defendant Martin Brower Company, LLC to arbitrate employment-related claims against "the Company." Doc. 9-1, PageID 33. The terms of the Arbitration Agreement provide that supervisors like Defendant Matthews are considered part of "the Company." *Id.* Plaintiff assented to the terms of the Arbitration Agreement by electronic signature. *See* Doc. 9-1, PageID 35. She does not contest the validity of her signature, nor dispute that courts in the Sixth Circuit consider electronically executed employee arbitration acknowledgements to be binding and enforceable. *See e.g.*, *Nealey v. Heritage Oaks Mgmt. Enters. USA, LLC*, No. 2:18-cv-1759, 2020 WL 2507332, at *3 (S.D. Ohio May 15, 2020); *Rowe v. JP Morgan Chase Bank, N.A.*, No. 2:23-cv-1704, 2:23-cv-3703, 2024 WL 47704, at *3 (S.D. Ohio Jan. 4, 2024). Thus, a valid agreement to arbitrate exists here.

That leads us to the true dispute—whether Plaintiff's claims fall under the Arbitration Agreement. The Arbitration Agreement, specifically the "Covered Claims Provision," provides that "claims for harassment or discrimination" and claims for violations under "Title VII of the Civil Rights Act of 1964" shall be arbitrated. Doc. 9-1, PageID 33. Those are the specific claims at issue here. Plaintiff argues, however, that this Court should ignore the Covered Claims Provision because another provision (the "Excluded Claims Provision") allegedly excludes her claims. Under the Excluded Claims Provision, the Arbitration Agreement "does not preclude [Plaintiff] from filing a claim or charge with a governmental

3

administrative agency, such as the National Labor Relations Board (NLRB), the Department of Labor, or the Equal Employment Opportunity Commission." *Id.*

Plaintiff misconstrues the Excluded Claims Provision. This provision allows for Plaintiff to file a claim or charge with an administrative agency as required by *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991), and nothing more. Once she has exhausted her administrative remedies, Plaintiff must arbitrate her claims. In other words, the Excluded Claims Provision does not permit Plaintiff to pursue her claims in court merely because she has filed a claim or charge with an administrative agency. *See e.g.*, *Wilson v. CPB Foods, LLC*, No. 3:18-CV-014-CHB, 2018 WL 6528463, at *4 (W.D. Ky. Dec. 12, 2018) (construing a similar provision and finding that once administrative remedies were exhausted, the plaintiff's sole remedy was arbitration); *see also EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462 (6th Cir. 1999) ("[I]f an individual subject to an arbitration agreement filed a charge with the EEOC and ultimately received a 'right to sue' letter, that individual would have a private cause of action that she waived by her prospective agreement to arbitrate.").

The Court also disagrees with Plaintiff's contention that the Excluded Claims Provision renders the Arbitration Agreement patently ambiguous. Ambiguity exists "only where its meaning cannot be determined from the four corners of the agreement or where the language is susceptible of two or more reasonable interpretations." *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 763 (6th Cir. 2008). That is not the case here. When construing the contract as a whole and giving reasonable effect to every provision—including both the Covered and Excluded Claims Provisions—the Arbitration Agreement is not ambiguous. *Id.* (citing *Tri-State Group, Inc. v. Ohio Edison Co.*, 2002-Ohio-7297, ¶ 38 (7th Dist.); *Stone v. Nat'l City Bank*,

4

106 Ohio App. 3d 212, 221 (8th Dist. 1995)); *see, e.g.*, *Solomon v. Carite Corp. LLC*, 837 F. App'x 355, 361 (6th Cir. 2020). Plaintiff must be compelled to arbitrate her claims.

Defendants have asked the Court to stay this case pending arbitration. The Federal Arbitration Act states that a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" *Anderson v. Charter Commc'ns, Inc.*, 860 F. App'x 374, 379 (6th Cir. 2021) (quoting 9 U.S.C. § 3). Based on the record before the Court, Defendant's request for a stay is well-taken. The matter shall be stayed pending arbitration.

## II. CONCLUSION

For the above reasons, Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 9) is **GRANTED**. This matter is hereby **STAYED.**

IT IS SO ORDERED.

July 11, 2025

Jeffery P. Hopkins
United States District Judge